DECISION AND JUDGMENT ENTRY
{¶ 1} Larry Mayle ("Appellant") appeals the Athens County Court of Common Pleas' denial of his motion for post-conviction relief. Appellant contends that the trial court erred when it denied his post-conviction relief petition, claiming that the Athens County Court of Common Pleas violated his Sixth and Fourteenth Amendment rights under the United States Constitution when it originally imposed sentence in 1999 by departing from the presumptive minimum sentence without submitting the matter to a jury, having the additional factors used to determine sentencing be proven beyond a reasonable doubt or admitted by him. Because we find that Appellant has not satisfied the first prong of the two-pronged test set forth in R.C. 2953.23(A)(1), which provides an exception to the 180-day time requirement for filing post-conviction relief petitions, we dismiss his appeal for lack of jurisdiction.
 {¶ 2} On September 2, 1998, Appellant was indicted on attempted murder, in violation of R.C. 2903.02(A) and 2923.02(A), a felony of the first degree, with a firearm specification. On November 5, 1998, three days into his jury trial, Appellant entered a plea of guilt to a lesser offense of felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2), along with a firearm specification. On January 27, 1999, the trial court sentenced Appellant to eight years on the felonious assault charge and three years on the mandatory firearm specification, to be served consecutively, for a total of eleven years. Although Appellant filed a notice of appeal, his appeal was dismissed on June 18, 1999 due to his failure to perfect the appeal.
 {¶ 3} On July 27, 1999, Appellant filed what was essentially a motion for post-conviction relief, requesting that the court vacate the three year mandatory, consecutive sentence imposed for the firearm specification. The trial court denied Appellant's motion. On May 16, 2006, Appellant filed a "Motion to Vacate Judgment Based on Recent Case Judgments ORC 2929.11(B) Pursuant to CrimR 57(B)." The State opposed Appellant's motion and the trial court issued a journal entry denying Appellant's motion on May 23, 2006. Appellant now appeals the trial court's decision denying his petition for post-conviction relief, asserting the following assignment of error:
 {¶ 4} "1. THE ATHENS COUNTY COMMON PLEAS COURT VIOLATED DEFEND ANT-APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION BY DEPARTING FROM THE PRESUMPTIVE MINIMUM WITHOUT SUBMITTING THE JUDICIAL FACTFINDING TO A JURY AND PROVEN BEYOND A REASONABLE DOUBT OR ADMISSION BY DEFENDANT-APPELLANT." (sic)
 {¶ 5} Appellant's assignment of error is based on the recent Supreme Court of Ohio decision in State v. Foster, 109 Ohio St.3d 1,845 NE.2d 470, 2006-Ohio-856, which held that certain of Ohio's sentencing statutes are unconstitutional. Appellant contends that Foster "requires that all those sentenced under the [Senate Bill 2 sentencing] scheme to be resentenced." (Emphasis added). Appellant further contends "that the trial court should sentence him under the Senate Bill 2 provisions in effect at the time of his purported crimes," reasoning that "[i]f the trial court were to resentence Defendant-Appellant to maximum or consecutive prison terms without making the findings required by the Ohio Revised Code 2929.14(B) and Ohio Revised Code 2929.14(E), the severance set forth in Foster would operate as an ex post facto law and would deny Defendant-Appellant due process." However, despite his contention that the Foster holding would require him to be re-sentenced, Appellant states in his brief that "the remedial aspect of the Foster decision only applies to sentences that have not been journalized, therefore does not apply to Defendant-Appellant." Thus, Appellant apparently concedes that Foster is not applicable to him in his present situation.
 {¶ 6} Appellant filed the motion underlying the present appeal pursuant to CrimR. 57(B), which provides as follows:
 "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."
This Court has previously concluded that a court may entertain a Civ.R. 60(B) motion for relief from judgment in a criminal matter under CrimR 57(B); thus, the use of this mechanism in a criminal matter does not per se create a jurisdictional problem. State of Ohio, ex rel. Jim Petro v.Marshall, Scioto App. No. 05CA3004, 2006-Ohio-5357.
 {¶ 7} Although Appellant did not style his motion as an application for post-conviction relief, any motion seeking to vacate a sentence on grounds that constitutional rights were violated is considered to be a petition for post-conviction relief. State v. Franklin, Meigs App. No. 05CA9, 2006-Ohio-1198; citing State v. Reynolds (1997),79 Ohio St.3d 158, 679 N.E.2d 1131, at the syllabus. The holding in Reynolds
specifically provides that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." Reynolds, supra.
 {¶ 8} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed within 180 days of the date the trial transcript is filed with the court of appeals in the direct appeal or, if no appeal is taken, the petition shall be filed no later than 180 days after the expiration of the time for filing the appeal. As Appellant's present motion for post-conviction relief was filed more than seven years after the attempted, direct appeal of his conviction and sentence, Appellant's petition for post-conviction relief was untimely filed.
 {¶ 9} R.C. 2953.23(A) prohibits a court from considering a delayed petition for post-conviction relief unless the petitioner either satisfies the two-pronged test contained in (A)(1)(a) and (b) or satisfies section (2) of the statute, which relates to inmates for whom DNA testing was performed, and is not applicable in the case sub judice. Thus, in order for this Court to consider Appellant's untimely filed petition for post-conviction relief, Appellant must be able to satisfy the two-pronged test contained in R.C. 2953.23(A)(1)(a) and (b), by showing that he was (a) either "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code; or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C.2953.23(A)(1)(a). Provided that a petitioner meets the first prong, the petitioner must meet the second prong of the test by showing "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted. * * *." RC.2953.23(A)(1)(b).
 {¶ 10} On the one hand, Appellant contends that Foster created a new right that applies retroactively, but concedes that it does not apply to individuals in his situation, as he has no pending matter on direct review. Yet, on the other hand, Appellant contends that Foster "requires that all those sentenced under the [Senate Bill 2 sentencing] scheme to be resentenced." (Emphasis added). Obviously these two arguments are contrary to one another. Nonetheless, we will attempt to interpret Appellant's argument in the interests of justice.
 {¶ 11} In order to analyze Appellant's arguments, we must examine the holdings of those cases leading up to Foster, including Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, and United States v. Booker
(2005), 543 U.S. 220, 125 S.Ct. 738. This Court has previously held thatBlakely did not create a new constitutional right because it only applied principles that were already established in Apprendi. State v.Barney, supra; citing State v. Wilson, Lawrence App. No. 05CA22, at ¶ 14, 2006-Ohio-2049. Further, the Booker court's holding only applied to cases on direct review, as opposed to petitions for post-conviction relief, which are collateral attacks upon judgments of convictions. See, e.g., Wilson, supra. Likewise, the Foster court limited the retroactivity of its holding to the cases it was directly considering and cases pending on direct review. Foster at ¶ 106.
 {¶ 12} The Appellant was sentenced in 1999. His case is now before us on appeal from the trial court's denial of his post-conviction relief petition, not on direct appeal. As such, Appellant's situation does not satisfy the retroactivity requirement contained within the first prong of the two-pronged test set forth in R.C. 2953.23(A)(1), which provides an exception to the requirement that a petition for post-conviction relief be timely filed. Accordingly, and contrary to Appellant's argument, the holding in Foster does not require that Appellant be re-sentenced. Because Appellant cannot satisfy the first prong of this test, we need not address the second prong.
 {¶ 13} Therefore, we conclude that the trial court lacked jurisdiction to entertain the petition and should have dismissed it on those grounds, given that the petition was untimely filed. "'[O]nce a court has determined that a petition is untimely, no further inquiry into the merits of the case is necessary.'" Wilson at ¶ 16, citing State v.McCain, Pickaway App. No. 04CA27, 2005-Ohio-4952. We do note, however, that without retroactivity, there is no mandate for re-sentencing. Without re-sentencing, any arguments regarding ex post facto violations are not ripe for review. Because Appellant's petition for post-conviction relief was untimely filed, and because Appellant failed to meet the retroactivity requirement set forth in R.C.2953.23(A)(1)(a), we do not address the additional arguments Appellant has raised concerning ex post facto issues that might arise were he to be re-sentenced in accordance with Foster; nor do we address his concerns regarding whether his plea agreement, which did not include an agreed sentence, bars further review of his sentence.
 {¶ 14} Accordingly, we overrule Appellant's assignment of error and dismiss the appeal.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed. The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.