OPINION
{¶ 1} Defendant-appellant Gregory Cunningham ("Cunningham") brings this appeal from the judgment of the Court of Common Pleas of Allen County denying his motion for resentencing.
 {¶ 2} On May 6, 1997, Cunningham entered a guilty plea to one count of aggravated robbery with a firearm specification. The trial court sentenced Cunningham to a total sentence of nine years in prison. On December 7, 2005, Cunningham filed a motion for a delayed appeal pending the decision of the Ohio Supreme Court in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. This motion was denied by this court on January 23, 2006. Cunningham then filed a motion for resentencing pursuant to Foster on August 17, 2006. The trial court denied the motion on August 31, 2006. Cunningham appeals from this judgment and raises the following assignment of error.
 The sentence imposed in this case was imposed in violation of the United States Constitution, as the statutory findings to justify enhancement of consecutive, non-minimum sentencing were not subjected to Due Process protections, including the rights to presentment to a Grand Jury, proof beyond a reasonable doubt, and trial by jury, among others, as required per Apprendi and Blakely; as a void sentence, it should have been vacated with a new hearing granted. *Page 3 
 {¶ 3} Initially, this court notes that despite the argument raised by Cunningham, the sentence in this case is not seventeen years in prison, but is only nine years in prison. The total sentence of seventeen years comes from Cunningham's conviction in a separate case which was ordered to be served consecutive to the sentence in this case. No timely appeal was taken from the sentence in the other case, so the issue of the consecutive sentence is not properly before this court and will not be addressed.
 {¶ 4} Thus, the only issue before this court is whether the trial court erred in denying Cunningham's motion to resentence him for his 1997 offense. In its Foster opinion, the Ohio Supreme Court required that all sentences "pending on direct review must be remanded to trial courts for new sentencing hearings." Foster, supra at ¶ 104. No authorization for new sentencing hearings on completed cases was given. Likewise, the U.S. Supreme Court limited the scope of its holding inU.S. v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, to those cases pending on direct appeal. Thus, there is no authority for retroactive application of the holdings in these cases.
 {¶ 5} Here, Cunningham's sentence was final in 1997 and no direct appeal was taken. Thus, it is not pending on direct appeal and the holding in Foster requiring resentencing does not apply. In addition, this court notes that the sentence from which this appeal was taken was only for nine years and began in *Page 4 
1997. This means that the sentence was likely completed in May 2006, and any appeal from it would be moot. For these reasons, the assignment of error is overruled.
 {¶ 6} The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
 SHAW and PRESTON, JJ., concur. *Page 1