OPINION *Page 2 
{¶ 1} Appellant, Steven W. Wagner, appeals from the November 22, 2006, Journal Entry of the Fairfield County Court of Common Pleas denying his Motion for Relief from Judgment Pursuant to Civil Rule 60(B)(5). The State of Ohio is the appellee.
 {¶ 2} On June 26, 1998, appellant was indicted in Case No. 98-CR-144 with three counts of intimidation of a victim or witness, in violation of R.C. § 2921.04(B) and one count of retaliation, in violation of R.C. § 2921.05(B). Appellant was convicted on all counts by jury verdict and sentenced to three consecutive three-year prison sentences to be served consecutively to the ten-year sentence previously imposed upon the appellant in an earlier matter. This conviction was upheld in State v.Wagner, December 23, 1999, Case No. 99-CA-23 Unreported. Appellant also appealed to the Ohio Supreme Court, who declined to accept the appeal in Case No. 00-162.
 {¶ 3} On February 3, 2005, appellant filed a Motion for Post-Conviction Relief. Based on the appellant's Motion and the State's Memorandum Contra, the Court found that the appellant's Motion did not establish substantial grounds for relief and that Blakely vs.Washington (2004), 542 U.S. 296, 124 S. Ct. 2531, is inapplicable to this matter. This decision was journalized on April 6, 2005, by entry of the trial court.
 {¶ 4} Appellant appealed to this Court which affirmed the trial court's decision in State v. Wagner, Fairfield App. No 05-CA-45,2005-Ohio-5209.
 {¶ 5} On February 8, 2006, appellant appealed to the Ohio Supreme Court, who again declined to accept the appeal in Case No. 05-2040. *Page 3 
 {¶ 6} On July 14, 2006, appellant then filed with the trial court a Civil Rule 60(B) Motion for Relief from Judgment. The trial court denied the motion on November 22, 2006.
 {¶ 7} Appellant filed a timely appeal raising one assignment of error
 ASSIGNMENT OF ERROR {¶ 8} "I. THE TRIAL COURT ABUSED IT'TS [SIC] DISCRETION BY CHARACTERIZING THE APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIV. R. 60(B) AS A PETITION FOR POST CONVICTION RELIEF PURSUANT TO O.R.C., SECTION 2952.21 [SIC] AND DISMISSING THE MOTION AS UNTIMELY."
 {¶ 9} Appellant argues that the trial court erred when it treated his Motion for Relief from Judgment as post-conviction relief pursuant to R.C. § 2953.21 and that he is entitled to have his prison sentence vacated and his case remanded to the trial court for a new sentencing hearing pursuant to State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856.
 {¶ 10} This Court will first address the conversion of the 60(B) Motion to post-conviction relief pursuant to R.C. § 2953.21. This issue has been addressed by this Court in prior decisions.
 {¶ 11} This Court has held that the Civil Rules do not apply in criminal cases. Instead, a criminal defendant's Civ. R. 60(B) Motion for Relief from a criminal conviction should be treated as a petition for post-conviction relief pursuant to R.C. 2953.21. See State v.Szerlip, Knox App. No. 02CA45, 2003-Ohio-6954, State v. Johnson, Richland App. No. 01-CA-88, 2002-Ohio-254. *Page 4 
 {¶ 12} Revised Code 2953.21(A) states, in part, as follows:
 {¶ 13} "(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."
 {¶ 14} Appellant did not raise this issue on direct appeal. This court, as well as numerous other state and federal courts, has found that Blakely v. Washington (2004), 542 U.S. 296, 124 S. Ct. 2531, does not apply retroactively. State v. Clark, Delaware App. No. 05CAA05025,2006-Ohio-1755; State v. Craig, Licking App. No. 2005CA16,2005-Ohio-5300; See, also, State v. Myers, Franklin App. No. 05AP228,2005-Ohio-5998 (concluding Blakely does not apply retroactively to cases seeking collateral review of a conviction); State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095; State v. Stillman, Fairfield App. No. 2005-CA-55, 2005-Ohio-6299 (concluding U.S. Supreme Court did not makeBlakely retroactive to cases already final on direct review); In reDean (C.A.11, 2004), 375 F.3d 1287; Cuevas v. Derosa (C.A.1, 2004),386 F.3d 367; United States v. Stoltz (D.Minn.2004), 325 F.Supp.2d 982;United States v. Stancell (D.D.C.2004), 346 F.Supp.2d 204; United Statesv. Traeger (N.D.Ill.2004), 325 F.Supp.2d 860.
 {¶ 15} Appellant did not timely file a petition for post-conviction relief in the Fairfield County Court of Common Pleas. Therefore, we find appellant's argument *Page 5 
based upon Blakely unpersuasive as this sentencing issue is not being raised on direct review.
 {¶ 16} Based on the foregoing, we find that the trial court did not err in denying appellant's motion.
 {¶ 17} The decision of the Fairfield County Court of Common Pleas is affirmed.
 Delaney, J. Farmer, P.J. and Wise, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1