DECISION AND JUDGMENT ENTRY
{¶ 1} Martin L. Hatton appeals the Pickaway County Common Pleas Court's dismissal of his petition for post-conviction relief for lack of jurisdiction. The crux of Hatton's argument is that the trial court erred by finding his petition untimely because he failed to show an exception to the 180-day time requirement. Hatton contends that because the United States Supreme Court created a new federal right, and because we can issue a writ of prohibition to the trial judge, he did show an exception and timely filed his petition. Because the federal right in question does not retroactively apply to Hatton's situation, and because a writ of prohibition does not apply in this case, we disagree. Hatton next contends that the trial court erred when it converted his motion filed under Civ.R. 60(B)(5) into a petition for post-conviction relief. We assume error, without *Page 2 
deciding, but find that the error is not prejudicial. Accordingly, we overrule both of Hatton's assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} A jury found Hatton guilty of aggravated burglary, kidnapping, felonious assault, rape, and theft. The trial court sentenced Hatton in 1997. The transcript for an appeal to this court was filed on December 15, 1997. We affirmed his convictions and sentences. State v.Hatton (April 19, 1999), Pickaway App. No. 97CA34. The Ohio Supreme Court rejected his appeal on September 1, 1999. State v. Hatton (1999),86 Ohio St.3d 1461.
 {¶ 3} Hatton filed five petitions for post-conviction relief in the trial court over the years, counting this current one. Each time he appealed the trial court's decision. One involved DNA, see State v.Hatton, Pickaway App. No. 05CA38, 2006-Ohio-5121, and the other four, including this current petition, involved a new federal right created inApprendi v. New Jersey (2000), 530 U.S. 466, that is only retroactive to defendants with cases on direct review. See, e.g., State v. Hatton (Aug. 4, 2000), Pickaway App. No. 00CA10. We dismissed two of his appeals for lack of a final, appealable order.
 {¶ 4} On June 28, 2006, Hatton filed this current motion to vacate his allegedly void sentence under Civ.R. 60(B)(5), which the trial court treated as a petition for post-conviction relief. Hatton alleged that the decisions in Apprendi; Blakely v. Washington (2004), 542 U.S. 296;United States v. Booker (2005), 543 U.S. 220; and State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856; required the trial court to revisit its sentencing decision. On November 29, 2006, the court *Page 3 
dismissed Hatton's petition because it lacked jurisdiction. The court found that Hatton did not file the petition within the 180-day-time period as required by R.C. 2953.21 (A)(2), and that he failed to show that any of the exceptions to the filing deadline set forth in R.C.2953.23 applied. Specifically, the court found that Apprendi, Blakely,Booker, and Foster "did not create any new constitutional rights that apply retroactively to cases that are not on direct appeal."
 {¶ 5} Hatton timely appeals and asserts two assignments of error: I. "A Court may not arbitrarily Convert a Direct Attack into a collateral attack where the direct attack is properly filed under the proper case number pursuant to a specific rule of court." And, II. "Appellant's sentence is unconstitutional under the Ohio and United States Constitution pursuant to Apprendi v. New Jersey."
 II. {¶ 6} The crux of Hatton's contention in his second assignment of error is that the trial court erred when it dismissed his petition for post-conviction relief because he failed to timely file it. He does not dispute that he failed to file his petition within the 180-day-time period prescribed by R.C. 2953.21(A). He also does not dispute that the newly created federal right in Apprendi does not apply retroactively to his situation. Instead, he asserts that we must apply the remedy, i.e., a writ of prohibition, provided in State ex rel. Mason v. Griffin,104 Ohio St.3d 279, 2004-Ohio-6384, to his situation. Apparently, Hatton believes that we can somehow apply this remedy retroactively to satisfy the exception contained in R.C. 2953.23(A)(1) for his late filing. *Page 4 
 {¶ 7} Pursuant to R.C. 2953.23(A)(1), a court may not entertain a delayed petition for post-conviction relief unless the petitioner satisfies a two-pronged test. First, the petitioner must show either: "that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21 (A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). Second, the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(1)(b).
 {¶ 8} Thus, before a trial court may consider an untimely petition for post-conviction relief, the petitioner must prove: (1) that he was unavoidably prevented from discovering the facts upon which he bases his petition, or that the petitioner's claim is based upon a newly-created federal or state right, which is retroactive to his situation; and (2) that clear and convincing evidence demonstrates that no reasonable factfinder would have found him guilty in the absence of the alleged constitutional error. State v. Howell (June 26, 2000), Meigs App. No. 99CA677.
 {¶ 9} This Court's standard of review is de novo when reviewing a trial court's dismissal or denial of a petition for post-conviction relief without a hearing. See, e.g., State v. Anderson, Washington App. No. 06CA32, 2007-Ohio-1517; *Page 5 State v. Barney, Meigs App. No. 05CA11, 2006-Ohio-4676; State v.Gibson, Washington App. No. 05CA20, 2005-Ohio-5353. Thus, we will independently review the record, without deference to the trial court's decision, to determine if Hatton's petition satisfies the two-pronged test in R.C. 2953.23(A)(1).
 {¶ 10} Hatton contends that, under the new federal right enunciated inApprendi, Blakely, and Booker, the Foster court found parts of Ohio's sentencing statutes unconstitutional because the trial court, instead of a jury, had to make certain findings to enhance a sentence. However, as we stated earlier, Hatton acknowledges that we cannot apply theFoster decision retroactively to his situation. Instead, Hatton asserts that we must apply the remedy provided in Griffin, supra, to his situation.
 {¶ 11} In Griffin, decided before Foster, the Ohio Supreme Court issued a writ of prohibition to prevent a trial judge from holding a jury-sentencing hearing in an underlying criminal case. The trial judge wanted to hold this hearing because of the Blakely decision. TheGriffin court stated that the judge did not have jurisdiction to hold a jury-sentencing hearing because neither the Ohio Constitution nor the sentencing statutes allow such a hearing.
 {¶ 12} We can easily distinguish the facts in Griffin from the facts here. A writ of prohibition is "[a]n extraordinary writ issued by an appellate court to prevent a lower court from exceeding its jurisdiction[.]" Black's Law Dictionary (8th Ed.2004) 1248. A writ of prohibition does not apply in this case because it is issued before the act occurs, not afterwards. The trial judge in Griffin had not yet acted while the trial court here has already acted, i.e., it has already sentenced *Page 6 
Hatton using statutes that the Foster court later found unconstitutional. Therefore, Griffin is inapplicable to the facts in this case.
 {¶ 13} Here, we find that Hatton failed to show that his petition was timely. His direct appeal ended in 1999 when the Ohio Supreme Court rejected his appeal. Apprendi created a new federal right in 2000.Foster, because of this federal right, found parts of Ohio's sentencing statutes unconstitutional. However, as Hatton admits, he cannot take advantage of the Foster decision because it only applies retroactively to cases that are on direct appeal. As such, Hatton's situation does not comport with the first prong of the two-pronged test set forth in R.C.2953.23(A)(1) to except him from the requirement to timely file his petition for post-conviction relief. Specifically, Hatton did not show that the United States Supreme Court recognized a new federal right subsequent to the period of time prescribed in R.C. 2953.21(A)(2) that retroactively applies to him. Because Hatton must satisfy both prongs of R.C. 2953.23(A)(1) and he failed to satisfy the first prong, i.e. R.C.2953.23(A)(1)(a), we do not need to address the second prong, i.e. R.C.2953.23(A)(1)(b).
 {¶ 14} Therefore, for the above stated reasons, we find that the trial court lacked jurisdiction to entertain the petition and properly dismissed it. See State v. Wilson, Lawrence App. No. 05CA22,2006-Ohio-2049; State v. Rawlins, Scioto App. No. 05CA3021,2006-Ohio-1901; State v. Kelly, Lucas App. No. L-05-1237,2006-Ohio-1399, at ¶ 12.
 {¶ 15} Accordingly, we overrule Hatton's second assignment of error.
 III. *Page 7 {¶ 16} Hatton contends in his first assignment of error that the trial court improperly converted his Civ.R. 60(B)(5) motion into a post-conviction petition. He claims that Crim.R. 57(B) authorizes him to file a Civ.R. 60(B) motion.
 {¶ 17} Crim.R. 57(B) states, "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."
 {¶ 18} Civ.R. 60(B) provides, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 19} For purposes of this opinion, we will assume, without deciding, that the trial court erred, i.e., it should have ruled on Hatton's Civ.R. 60(B)(5) motion, *Page 8 
instead of converting it to a petition for post-conviction relief. See, e.g., State v. Bush (2002), 96 Ohio St.3d 235. However, Hatton must show more than error. He must show prejudicial error. For the reasons that follow, we do not find prejudicial error.
 {¶ 20} The Ohio Supreme Court has held that for a party to prevail under Rule 60(B) the "movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric, Inc. v. ARC Ind., Inc.
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled.Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, citingSvoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351; Hopkins v. QualityChevrolet, Inc. (1992), 79 Ohio App.3d 578.
 {¶ 21} A party who files a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to a hearing on the motion.Schaad v. Salyers (Aug. 11, 1992), Franklin App. No. 91AP-1506,1992 WL 203230. Instead, the movant bears the burden of demonstrating that he is entitled to a hearing on the motion. Id. To warrant a hearing on his Civ.R. 60(B) motion, the movant must allege operative facts that would warrant relief under Civ.R. 60(B). Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 19. Thus, the movant must allege operative facts that, if true, would be sufficient to establish each of the elements *Page 9 
of the GTE test. See State ex rel. Richard v. Seidner (1997),78 Ohio St.3d 116, 117; Cuervo v. Snell (1998), 131 Ohio App.3d 560, 569.
 {¶ 22} Here, Hatton did not allege operative facts that, if true, would be sufficient to establish the third element of the GTE test. Hatton has not established that he filed his motion within a reasonable time. The Ohio Supreme Court has stated numerous times, "A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment." Key v. Mitchell (1998), 81 Ohio St.3d 89,90-91, citing State ex rel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191,192, State ex rel. McCoy v. Coyle (1997), 80 Ohio St.3d 1430. Likewise, we find that a Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for an untimely petition for post-conviction relief. The reason is that the same analysis used to find that a petition for post-conviction relief is untimely also applies to the third element of the GTE test.
 {¶ 23} Therefore, Hatton did not allege that he filed his motion within a reasonable time as required by the third element of theGTE test. He was not even entitled to an evidentiary hearing. Consequently, the trial court's error was not prejudicial.
 {¶ 24} Accordingly, we overrule Hatton's first assignment of error. Having overruled both of Hatton's assignments of error, we affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the costs herein be taxed to the Appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J. and Abele, J.: Concur in Judgment and Opinion. *Page 1