OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-appellant Joshua Frenzel ("Frenzel") brings this appeal from the judgment of the Court of Common Pleas of Hancock County denying his motion to vacate his sentence.
 {¶ 3} On November 16, 2005, Frenzel entered guilty pleas to two counts of trafficking in cocaine. Pursuant to the plea negotiations, one count of trafficking in cocaine was dismissed. The trial court accepted the guilty pleas and then proceeded to sentence Frenzel to a total prison term of six years. On February 6, 2006, Frenzel filed a pro se motion for leave to file a delayed appeal of his conviction. The motion was denied by this court on April 6, 2006. On December 22, 2006, Frenzel filed a motion with the trial court requesting that his *Page 3 
plea be vacated due to the Ohio Supreme Court's ruling in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. The trial court denied the motion on December 28, 2006. Frenzel appeals from this judgment and raises the following assignments of error.
 [Frenzel's] sentence is unconstitutional because the trial court misinterpreted the U.S. Constitution.
 The trial court should have granted [Frenzel] relief under Civil Rule 60(B).
 {¶ 4} In the first assignment of error, Frenzel is basically claiming that his sentence was unconstitutional because he was sentenced to more than the minimum sentence. At the time Frenzel was sentenced, he was appropriately sentenced pursuant to the statutes in effect at the time. The fact that these statutes were subsequently found to violate the constitution by the Ohio Supreme Court is not disputed. However, the Ohio Supreme Court required that only sentences "pending on direct review must be remanded to trial courts for new sentencing hearings." Id. at ¶ 104. "No authorization for new sentencing hearings on completed cases was given." State v. Cunningham, 3rd Dist. No. 1-06-85, 2007-Ohio-1902, ¶ 4. "Likewise, the U.S. Supreme Court limited the scope of its holding in U.S. v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, to those cases pending on direct appeal." Id. There is no authority for apply the holdings in these cases retroactively to cases without a pending direct appeal. *Page 4 
 {¶ 5} A review of the record indicates that Frenzel was sentenced on November 16, 2005. No timely direct appeal was filed. Although Frenzel filed a motion for a delayed appeal, the motion was denied. Thus, no direct appeal was pending and the holding in Foster requiring resentencing does not apply. The first assignment of error is overruled.
 {¶ 6} Frenzel's second assignment of error is that the trial court erred in denying his motion for relief pursuant to Civil Rule 60(B). This court has previously discussed whether a defendant may obtain review of his conviction and sentence by using a Civil Rule 60(B) motion.
 Civ.R. 60(B)(5) is a catch-all provision allowing a court, upon a party's motion, to set aside a final judgment or order for "any other reason justifying relief from the judgment." Crim.R. 57(B) incorporates the rules of civil procedure as follows: "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."
State v. Brenton, 3rd Dist. No. 11-06-06, 2007-Ohio-901, ¶ 15. A request for relief pursuant to Civil Rule 60(B) is really a motion for post-conviction relief regardless of its caption. Id. Because the motion was filed after the time for Frenzel's direct appeal had passed, claims a denial of constitutional rights, seeks to render a judgment void, and requests a vacation of the judgment and sentence, it is a motion for post-conviction relief. State v. Reynolds (1997),79 Ohio St.3d 158, 679 N.E.2d 1131. The procedure for filing motions for post-conviction relief *Page 5 
is set forth in Criminal Rule 35. Thus, a defendant cannot use Civil Rule 60(B), pursuant to Criminal Rule 57(B), to circumvent the requirements of Criminal Rule 35. Brenton, supra.
 {¶ 7} Since Frenzel's motion is really a request for post-conviction relief, this court will review it as such.
 (A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *
 * * *
 (2) Except as otherwise provided in [R.C. 2953.23], a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal or the judgment of conviction * * *. If no appeal is taken, except as otherwise provided in [R.C. 2953.23], the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
R.C. 2953.21(A). Here, Frenzel was sentenced on November 16, 2005. The notice of appeal needed to be filed within 30 days or by December 16, 2005. This means that any petition for post-conviction relief needed to be filed by June 14, 2006, which is 180 days after the time for appeal expired.[1] The petition was not *Page 6 
filed until December 22, 2006, 191 days after the statutory deadline for the filing of the petition. Since the petition was not timely filed, the only reason it would be considered would be if it raises newly discovered facts not previously available to the defendant or a newly recognized constitutional right that applies retroactively arose. R.C.2953.23(A). As discussed above, the constitutional right claimed by Frenzel does not apply retroactively. Frenzel is thus not entitled to an extension of the time to file a petition for post-conviction relief. The second assignment of error is overruled.
{¶¶ 8} The judgments of the Court of Common Pleas of Hancock County are affirmed.
Judgments affirmed.
 ROGERS, P.J., and SHAW, J., concur.
[1] June 14, 2006, is also 107 days after the Ohio Supreme Court's ruling in Foster. *Page 1