DECISION. *Page 2 
{¶ 1} Defendant-appellant Donta Campbell appeals the Hamilton County Common Pleas Court's judgment overruling his Civ.R. 60(B) motion. We affirm the court's judgment.
 {¶ 2} Campbell was convicted in 2002 upon guilty pleas to child endangering and rape. He did not timely appeal his convictions. Instead, between 2003 and 2005, he sought leave to file a delayed appeal and twice sought relief from his convictions under R.C. 2953.21. These efforts and the ensuing appeals were unavailing.
 {¶ 3} In 2006, Campbell filed with the common pleas court a "Motion to Vacate Void Sentence * * * As Permitted by Civ.R. 60(B)(5), Incorporated by * * * Crim.R. 57(B)." In his motion, Campbell cited the United States Supreme Court's decisions in Apprendi v. New Jersey,[1] Blakely v.Washington,[2] and United States v. Booker,[3] as well as the Ohio Supreme Court's 2006 decision in State v. Foster,[4] in support of his contention that the trial court, by sentencing him to nonminimum prison terms, had denied him the right to a jury trial guaranteed under theSixth Amendment to the United States Constitution. The court overruled the motion, and Campbell has appealed.
 {¶ 4} Campbell presents on appeal two assignments of error that, when reduced to their essence, challenge the court's judgment overruling his Civ.R. 60(B) motion. The challenge is untenable.
 I. An R.C. 2953.21 Postconviction Petition? {¶ 5} We note as a preliminary matter that the common pleas court overruled Campbell's motion "on the authority of State v.Perdue."[5] But our decision in Perdue is *Page 3 
not controlling here because it is a "Judgment Entry" and thus not an "opinion" of this court as defined by S.CtRRep.Op. 3(A).[6] Nor is the case instructive or persuasive, because it is factually inapt.
 {¶ 6} We decided Perdue in the wake of the Ohio Supreme Court's decision in State v. Bush.[7] In Bush, the supreme court held that a court, confronted with a collateral challenge to a criminal conviction in "an irregular `no-name' motion," that is, a motion that fails to delineate a statute or rule under which relief may be granted, must "classify" or "categorize" the motion "to know the criteria by which the motion should be judged. "[8]
 {¶ 7} Perdue had moved to "[c]orrect" his sentences "pursuant to * * * Criminal Rule 57." The common pleas court construed Perdue's motion as a petition for postconviction relief under RC. 2953.21 et seq. and denied the motion on the ground that Perdue had failed to satisfy the time limits of R.C. 2953.21 and the jurisdictional requirements of R.C.2953.23. On appeal, we noted that Crim.R 57(B) does not itself provide a rule of procedure, but merely instructs a court to look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists. Thus, applying Bush, we held that the common pleas court, confronted with Perdue's collateral challenge to his sentences in what was essentially a "no-name" motion, properly recast his motion as a postconviction petition and reviewed it under the standards provided by RC. 2953.21 et seq.
 {¶ 8} Unlike Perdue, Campbell did not seek relief from his sentences in a "no-name" motion. Instead, like the defendant in our earlier decision in State v. Lehrfeld,[9] Campbell unambiguously invoked Civ.R 60(B). In Lehrfeld, we relied upon Civ.R. 57(B) to reject the state's blanket assertion that Civ.R 60(B) could not afford a criminal defendant relief from a judgment of conviction.[10] And applying Bush, we rejected the *Page 4 
state's suggestion that the common pleas court could have recast and reviewed Lehrfeld's Civ.R. 60(B) motion as a postconviction petition under RC. 2953.21 et seq.[11]
 {¶ 9} This issue, whether a common pleas court may recast a Civ.R. 60(B) motion as an R.C. 2953.21 postconviction petition, is presently before the Ohio Supreme Court upon a conflict certified by the Eleventh Appellate District between its decision in State v. Schlee[12] and this court's decision in Lehrfeld.[13] Pending the resolution of this conflict, we follow Lehrfeld to hold that the court below was not free to recast Campbell's Civ.R 60(B) motion as, or to review the motion under the standards applicable to, an R.C. 2953.21 postconviction petition.[14]
 II. Civ.R. 60(B), Through Crim.R. 57(B) {¶ 10} We further note that Civ.R 60(B), through Crim.R 57(B), provided a means for Campbell to mount his Foster challenge. Crim.R 57(B) provides that "[i] f no procedure is specifically prescribed by rule, [a] court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civilprocedure and to the applicable law if no rule of criminal procedureexists."[15] The rule thus contemplates resort to the civil rules for procedures not provided by the criminal rules.
 {¶ 11} Civ.R 60(B)(5) permits a court to grant relief from a judgment for "any * * * reason justifying relief," upon a motion filed within "a reasonable time." The defendant in State v. Lehrfeld sought Civ.R 60(B) relief on the ground that the trial court, in sentencing him to community control, had failed as required by RC. 2929.19(B)(5) to *Page 5 
advise him of the specific term it would impose if he violated his community control. We held that Crim.R. 57(B) did not permit Lehrfeld to seek relief from his sentence under Civ.R. 60(B) because the statutory violation upon which he had based his Civ.R. 60(B) motion was manifest on the record and thus could have been raised in a direct appeal from his initial conviction.
 {¶ 12} In contrast, Campbell, sentenced four years before the decision in Foster, could not have presented a Foster-based challenge either in a timely appeal as of right[16] or in a postconviction petition.[17]
Because the criminal rules provide no procedure for mounting aFoster challenge after the time has expired for filing an appeal as of right or a postconviction petition, we hold that Crim.R. 57(B) permitted Campbell to avail himself of the procedure afforded by Civ.R. 60(B) to raise his Foster claim.[18]
 III. Foster Applies Only to Cases on Direct Appeal {¶ 13} But Campbell is mistaken in his insistence that a sentence imposed under statutes declared unconstitutional in Foster may be challenged at any time.
 {¶ 14} As a general rule, a trial court has no jurisdiction to reconsider a final judgment of conviction. But it does retain jurisdiction to correct a void sentence,[19] because "[t] he effect of determining that a judgment is void is * * * as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment."[20]
 {¶ 15} The supreme court in Foster applied Apprendi, Blakely, andBooker to declare unconstitutional, and to excise from the Revised Code, those portions of the *Page 6 
sentencing statutes that created the presumption of a minimum sentence and that required judicial factfinding to overcome the presumption.[21] The court held that the defendants' sentences, imposed under statutes deemed unconstitutional, were void. The "ordinary" remedy, the court stated, was to vacate the "void" sentence and remand to the trial court for a new sentencing hearing.[22] But the court, declaring itself constrained by the United States Supreme Court's "mandate" in Booker, limited this remedy to "cases on direct review. "[23]
 {¶ 16} More recently, in State v. Payne, the supreme court effectively conceded its error in characterizing as "void" a sentence imposed under a statute declared unconstitutional in Foster.[24] The court noted the distinction between a "void sentence * * * that a court imposes despite lacking subject-matter jurisdiction or the authority to act" and a "voidable sentence * * * that a court has jurisdiction to impose, but * * * impose[s] irregularly or erroneously."[25] The court determined that a "pre-Foster" sentence within the statutory range, imposed by a trial court with subject-matter and personal jurisdiction, but under an unconstitutional statute, constituted an "erroneous exercise of trial court jurisdiction" and thus was "voidable."[26] The court then went on to reaffirm Foster's remedy, holding that a "defendant with a voidable sentence [under Foster was] entitled to resentencing[,] [but] only upon a successful challenge on direct appeal."[27]
 IV. The Trial Court Properly Overruled Campbell's Civ.R. 60(B)(5) Motion {¶ 17} To prevail on a Civ.R. 60(B)(5) motion for relief from judgment, the movant must seek relief within a reasonable time and must demonstrate a "reason justifying relief from judgment" and a meritorious defense or claim to present if relief is *Page 7 
granted.[28] The decision to grant or to deny Civ.R. 60(B) relief is committed to the sound discretion of the trial court and will not be disturbed on appeal in the absence of some demonstration that the court abused its discretion.[29]
 {¶ 18} Campbell's incarceration under sentences imposed under unconstitutional statutes might well provide a "reason justifying relief from" those sentences. But the supreme court's decisions inFoster and Payne preclude him from claiming an entitlement to the remedy of resentencing. Therefore, we cannot say that the trial court, in overruling Campbell's Civ.R. 60(B)(5) motion, abused its discretion. Accordingly, we overrule the assignments of error and affirm the court's judgment.
Judgment affirmed.
DlNKELACKER AND WlNKLER, JJ., CONCUR.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] (2000), 530 U.S. 466, 120 S.Ct. 2348.
[2] (2004), 542 U.S. 296, 124 S.Ct. 2531.
[3] (2005), 543 U.S. 220, 125 S.Ct.738.
[4] 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
[5] (Sept. 29, 2006), 1st Dist. No. C-050950.
[6] See S.Ct.R.Rep.Op. 4.
[7] 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522.
[8] Id. at ¶ 10.
[9] 1st Dist. No. C-030390, 2004-Ohio-2277.
[10] Id. at ¶ 7.
[11] Id. at ¶ 6; see, also, Miller v. Walton, 163 Ohio App.3d 703,2005-Ohio-4855, 840 N.E.2d 222.
[12] 11th Dist. No. 2005-L-105, 2006-Ohio-3208.
[13] See State v. Schlee, 111 Ohio St.3d 1429, 2006-Ohio-5351,855 N.E.2d 495.
[14] Accord State v. Hatton, 4th Dist. No. 06CA35, 2007-Ohio-3725, at ¶ 19; State v. Randlett, 10th Dist. Nos. 06AP-1073, 06AP-1074, 06AP-1075, and 06AP-1076, 2007-Ohio-3546, at ¶ 9-13. Contra State v.Frenzel, 3d Dist. No. 5-07-03, 2007-Ohio-4487, at ¶ 6; State v.Wagner, 5th Dist. No. 06-CA-73, 2007-Ohio-3629; State v. Mayle, 4th Dist. No. 06CA21, 2007-Ohio-614, at ¶ 7.
[15] Emphasis added.
[16] See App.R. 4(A).
[17] See State v. Connors, 1st Dist. No. C-040677,2005-Ohio-2644.
[18] Accord State v. Hatton, supra, at ¶ 19. Cf. State v.Randlett, supra, at ¶ 13 and 17. Contra State v. Wagner, supra, at ¶ 11; State v. Frenzel, supra, at ¶ 6; State v. Cottrill, supra, at ¶ 12; State v. Mayle, supra, at ¶ 7.
[19] State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19.
[20] State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250,868 N.E.2d 961, at ¶ 12, quoting Romito v. Maxwell (1967), 10 Ohio St.2d 266,267-268, 227 N.E.2d 223.
[21] 109 Ohio St.3d 1, at ¶ 97.
[22] Id. at ¶ 103.
[23] Id. at ¶ 106.
[24] 114 Ohio St.3d 502, 2007-Ohio-4642, ___ N.E.2d ___, at ¶¶ 27-29.
[25] Id. at ¶ 27.
[26] Id. at ¶ 29.
[27] Id. at ¶ 30.
[28] See GTE Automatic Elec. v. ARC Industries (1976),47 Ohio St.2d 146, 150, 351 N.E.2d 113.
[29] See Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,520 N.E.2d 564, syllabus. *Page 1