[Cite as *State v. Beach*, 2012-Ohio-1630.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

STATE OF OHIO,                              :

    Plaintiff-Appellee,                    :     Case No.   11CA4

    vs.                                    :

FELIPE E. BEACH,                            :     DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                   :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Felipe E. Beach, No. 575–043, C.C.I., P.O. Box 5500,
                           Chillicothe, Ohio 45601, Pro Se

COUNSEL FOR APPELLEE:      C. Jeffrey Adkins, Gallia County Prosecuting Attorney, and
                           Eric R. Mulford, Gallia County Assistant Prosecuting
                           Attorney, Gallia County Courthouse, 18 Locust Street,
                           Room 1267, Gallipolis, Ohio 45631
_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-30-12

ABELE, P.J.

{¶ 1}   This is an appeal from a Gallia County Common Pleas Court judgment that

overruled a "motion to vacate void sentence" filed by Felipe E. Beach, defendant below and

appellant herein.   Appellant assigns the following error for review:

> "THE TRIAL COURT ERRED WHEN IT DENIED THE
> DEFENDANT'S MOTION TO VACATE A VOID SENTENCE."

{¶ 2}   On February 7, 2007, the Gallia County Grand Jury returned an indictment that

charged appellant with attempted murder, in violation of R.C. 2903.02.   Subsequently, appellant

agreed to plead guilty to felonious assault, in violation of R.C. 2902.11 (A)(1).[1]   The trial court

accepted appellant's plea and sentenced him to serve seven years imprisonment.   No appeal was

taken from that judgment.

{¶ 3}   Appellant commenced the instant action below on February 16, 2011 with a

motion "to vacate void sentence pursuant to R.C. 2953.08 (A)(4)."   Although not a model of

clarity, appellant's primary arguments were (1) felonious assault is not a lesser included offense

of murder, (2) he was not served with an amended indictment, and (3) the trial court lacked

subject matter jurisdiction over the case.   The trial court overruled appellant's motion.   This

appeal followed.

{¶ 4}   Appellant asserts in his assignment of error that the trial court erred by overruling

his motion to vacate a void sentence.   We disagree with appellant.

{¶ 5}   To the extent that appellant claims the trial court erred, we note that the doctrine

of res judicata bars the consideration of errors that could have been raised on direct appeal, but

were not, see, e.g., State v. Davis, Washington App. No. 10CA9, 2010-Ohio-5294, at ¶41; State

v. Hobbs, Meigs App. No. 09CA1, 2009-Ohio-7065, at ¶5.   In the case sub judice, appellant did

not appeal his conviction and sentence.   Thus, even if we assume arguendo that the trial court

committed legal errors, appellant is barred from raising them at this late date.[2]

---

[1]   The record contains no transcript of the February 15, 2008 hearing.    Further, the terms of the plea agreement are not recited in the trial court's judgment of conviction and sentence.    However, on the same day of the hearing an untitled document was filed evidencing an agreement that appellant would plead guilty to felonious assault and, "[i]n consideration" thereof, he would be sentenced to seven years imprisonment.

[2]   The authority appellant cites as a basis for his motion to vacate is R.C. 2953.08(A)(4).    This statute involves the

{¶ 6}    To the extent appellant raised constitutional issues in his motion, we must treat it as a postconviction relief petition. See State v. Reynolds (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131, at the syllabus; also see, State v. Mayle, Athens App. No. 06CA21, 2007-Ohio-614, at ¶7. Res judicata also bars raising issues on postconviction relief that could have been raised, but were not, on direct appeal.   See State v. Smith, Ross App. No. 09CA3128, 2011-Ohio-664, at ¶10; State v. Damron, Ross App. No. 10CA3158, 2010-Ohio-6459, at ¶20.   Again, appellant filed no appeal from his 2008 judgment of conviction and sentence, thus he is barred from raising constitutional issues three years after the fact.   Moreover, appellant's petition appears to have been untimely filed.   See R.C. 2953.21 and 2953.23.

{¶ 7}    Finally, we assure appellant that even if these issues had been raised on a first appeal of right, they are without merit.   Whether felonious assault is a lesser included offense of attempted murder, or whether appellant was served with an amended indictment, are irrelevant issues.   The record indicates that appellant agreed to plead guilty to felonious assault in exchange for a seven year sentence.   Felonious assault is a different charge and, by agreeing to this resolution, appellant waived any service requirements.   Furthermore, the trial court had subject matter jurisdiction over the case if any part of the offense occurred in Gallia County.   An initial complaint indicates that the offense occurred in Gallia County.   Appellant has not provided a transcript of that hearing to contradict that presumption and, thus, we must assume correctness of the trial court proceedings.   See State v. Trent, Ross App. No. 08CA3079,

review of a trial court's alleged failure to follow Ohio's felony sentencing guidelines.    Any such error should have been raised in a first appeal of right.    Again, no such appeal was made and, thus, the doctrine of res judicata bars appellant from raising any such alleged errors.

2009-Ohio-3923, at ¶6; State v. Baranski, Scioto App. No. 04CA2971, 2005-Ohio-4956, at ¶7.

{¶ 8}    In any event, res judicata bars appellant from raising these issues at this late date.

Accordingly, we hereby overrule appellant's assignment of error and affirm the trial court's

judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee to recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

## **NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.