**CUERVO et al., Appellees,**

v.

**SNELL, Appellant, et al.**

[Cite as *Cuervo v. Snell* (1998), 131 Ohio App.3d 560.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–110.

Decided Dec. 1, 1998.

See, also, 76 Ohio St.3d 41, 665 N.E.2d 1121.

562

*Vorys, Sater, Seymour & Pease, Robert J. Sidman* and *Randall D. LaTour,* for appellees Andrew Cuervo et al.

*Johrendt, Cook & Eberhart, Michael J. Johrendt* and *Mark R. Blackmer,* for appellant.

PETREE, Judge.

Defendant, Stephen H. Snell, appeals from a judgment of the Franklin County Court of Common Pleas denying his Civ.R. 60(B)(5) motion for relief from judgment and advances the following three assignments of error:

"[I]. The trial court erred to the prejudice of defendant in denying the motion for relief from judgment on the grounds that Civil Rule 60(B)(5) was inapplicable; rather, relief under Rule 60(B)(5) is available to avoid injustice and inequity relating to either the obtaining **or** 'maintaining' of a default judgment.

"[II]. The trial court erred as a matter of law in denying the motion for relief from judgment without an evidentiary hearing.

"[III]. The trial court erred to the prejudice of defendant in denying the motion for relief from judgment because the default judgment was void."

On July 24, 1990, plaintiffs, Armando and Cathy Cuervo, the parents of eight-year-old Andrew Cuervo and six-year-old Christina Cuervo, filed an amended complaint in the Franklin County Court of Common Pleas on their own behalf, and on behalf of their children, naming Peter Snell, a minor, and his father, defendant Stephen Snell, as defendants. The complaint alleged that Andrew and Christina had been sexually abused by sixteen-year-old Peter while he babysat them in 1985, and that defendant had been negligent in advertising Peter to be a competent babysitter and in failing to properly supervise his son. The complaint sought damages for the physical, emotional, and psychological injuries suffered by the children, as well as damages for mental anguish and suffering sustained by the parents. Defendant was duly served with a summons and copy of the amended complaint.

Defendant retained legal counsel to defend the lawsuit. Due to defendant's failure to file an answer or otherwise respond to the amended complaint, the court, upon plaintiffs' application, entered a default judgment against defendant on September 14, 1990, finding him liable as alleged in the amended complaint. A determination of damages was deferred for subsequent hearing.

The damages hearing was held before a referee on April 2, 1991, at which time counsel for plaintiffs presented documentary evidence in support of their damages claims. Defendant neither presented evidence nor objected to plaintiffs' evidence.

The referee issued an amended report on May 10, 1991, recommending that judgment be entered against defendant and Peter, jointly and severally, in the amount of $262,248.85. Defendant did not file objections to the report. Thereafter, by judgment entry dated June 7, 1991, the trial court adopted the referee's May 10, 1991 report in its entirety and entered final judgment awarding $262,248.85 to plaintiffs. No appeal was taken from the entry of this final judgment.

Plaintiffs attempted to collect on the judgment from defendant's homeowner's insurer. After contracted litigation, the Ohio Supreme Court determined that defendant's insurer was not liable for the judgment under the terms of its policy. *Cuervo v. Cincinnati Ins. Co.* (1996), 76 Ohio St.3d 41, 665 N.E.2d 1121.

Thereafter, plaintiffs initiated collection proceedings against defendant. In response, defendant, on July 29, 1997, filed a Civ.R. 60(B)(5) motion for relief from the trial court's June 7, 1991 judgment. A judgment entry denying defendant's motion was filed on January 5, 1998. This timely appeal followed.

By his first assignment of error, defendant maintains that the trial court erred in denying his motion for relief from judgment on grounds that Civ.R. 60(B)(5) is inapplicable to the instant case.

Civ.R. 60(B) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one

year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

The standard for granting a motion for relief from judgment was set forth by the Ohio Supreme Court in *GTE Automatic Elec. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, as follows:

"To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *Id.* at paragraph two of the syllabus.

As these requirements are in the conjunctive, all three must be met in order to prevail on a motion under Civ.R. 60(B). *Id.* at 151, 1 O.O.3d at 88–89, 351 N.E.2d at 116.

The decision whether to grant relief from judgment is addressed "to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, 1123–1124. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126–127, 482 N.E.2d 1248, 1251–1252.

In the instant case, defendant moved to vacate the damages judgment pursuant to Civ.R. 60(B)(5), which provides that a judgment may be vacated for "any other reason justifying relief from judgment." "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365, paragraph one of the syllabus. The requirement that Civ.R. 60(B)(5) may not be used as a substitute for any of the more specific provisions of Civ.R. 60(B) does not preclude the use of Civ.R. 60(B)(5) on the basis of operative facts different from or in addition to those contemplated by the other, more specific provisions. *Whitt v. Bennett* (1992), 82 Ohio App.3d 792, 797, 613 N.E.2d 667, 670. Matters of an extraordinary nature fall within the purview of Civ.R. 60(B)(5). *Id.*

In his July 29, 1997 motion, defendant argued that he was entitled to relief from judgment under Civ.R. 60(B)(5) because (1) his attorney failed to move for relief from the default judgment, failed to present evidence at the damages

hearing, and failed to object to evidence submitted by plaintiffs at the damages hearing, (2) plaintiffs' claims were barred by the applicable statute of limitations, and (3) the trial court exceeded its jurisdiction in awarding damages in excess of $2,000 in contravention of R.C. 3109.10. Defendant set forth several alleged defenses to plaintiffs' claims and argued that the motion was made within a "reasonable time," having been filed only two months after plaintiffs commenced collection proceedings against him.

Defendant attached to the motion his own affidavit, wherein he stated, *inter alia*, that although he timely received a copy of the court's June 7, 1991 judgment entry, his attorney told him that his homeowner's insurance would "tak[e] care" of his obligation and that the case was "settled." Defendant further averred that he had no knowledge that the case had not been settled until May 1997 when he was informed that plaintiffs had been unsuccessful in collecting from his homeowner's insurance policy. Plaintiffs filed a memorandum contra defendant's motion on August 12, 1997.

In his September 30, 1997 reply to plaintiffs' memorandum contra, defendant asserted that he had recently uncovered evidence of a "private and confidential" letter from plaintiffs' attorney to defendant's attorney dated April 4, 1991, which, according to defendant, memorialized an oral agreement between the attorneys entered into prior to the April 2, 1991 damages hearing. According to defendant, under the terms of the agreement, in consideration for defendant not presenting or objecting to evidence offered by plaintiffs at the damages hearing, plaintiffs agreed not to pursue the judgment against defendant if they were unsuccessful in their action against defendant's homeowner's insurer. Defendant argued that plaintiffs breached this agreement by instituting collection proceedings against him and that such breach constituted grounds for vacating the damages portion of the judgment under Civ.R. 60(B)(5).

In support of his argument, defendant attached the affidavit of Michael J. Johrendt, defendant's attorney in his malpractice action against his former attorneys, wherein Johrendt averred that in the course of discovery in the malpractice action, he obtained a copy of the April 4, 1991 letter from plaintiffs' attorney. The letter, which is attached to Johrendt's affidavit, states:

"As you know, we obtained judgments by default against Stephen Snell and Peter Snell previously. The matter came on for hearing before a referee for the determination of the amount of damages on April 2, 1991 and we submitted a compilation of documentary evidence to support our claim. After review, we expect the referee to make a recommendation to the Court for entry of an award of damages.

"When this occurs, it is our objective and intention to bring an action over against the Snells' homeowners insurance carrier, Cincinnati Insurance Company,

to pay the amount of the judgment. We believe that, because of the nature of the defendants' conduct, this would be covered under a general liability policy, since none of the matters complained of were done intentionally and there was no expected injury from the standpoint of the insured. We expect to pursue the matter to final judgment against the insurance company.

"We agree, however, that if we are ultimately unsuccessful in causing this judgment to be compensated by the insurance company, you may file a motion to vacate the award of damages portion of the judgment and ask that the amount of damages be determined by a jury or, if mutually agreeable, by the Judge alone."

Plaintiffs filed a "supplemental memorandum contra" to defendant's September 30, 1997 reply, supported by the affidavit of plaintiffs' attorney, Charles E. Brandt. In the affidavit, Brandt averred that the April 4, 1991 letter did not memorialize any oral agreement between him and defendant's attorney; rather, the letter was nothing more than a "proposal" from plaintiffs that if they could not collect the damages judgment from defendant's homeowner's insurance policy, defendant's attorney could elect to file a motion to vacate the damages award and request that the amount of damages be determined by a jury, or if mutually agreeable, by the judge. Brandt further averred that the letter did not say, and did not mean, that plaintiffs would not oppose a motion to vacate the damages award and did not refer to or affect the joint and several liability of defendant and Peter for any and all of the damages suffered by plaintiffs. Brandt also stated that he and defendant's attorney never discussed the possibility that plaintiffs would not pursue collection of the judgment from defendant's assets.

Defendant's October 17, 1997 reply to plaintiffs' "supplemental memorandum contra" reasserted his arguments regarding the April 4, 1991 letter. In support, he attached the affidavit of his attorney, John W. Bowen. In his affidavit, Bowen stated that immediately prior to the April 2, 1991 damages hearing, Brandt requested that Bowen make no defense to the plaintiffs' damages claim for the reason that plaintiffs did not intend to proceed further against defendant or Peter; rather, plaintiffs intended to recover from defendant's insurance company. According to Bowen, this agreement was memorialized in the April 4, 1991 letter. Bowen stated that although he had no documentary evidence to present at the hearing, he intended to cross-examine any witnesses who testified for plaintiffs and to challenge the admissibility of any documentary evidence offered by plaintiffs. However, based upon Brandt's verbal and written assurances, he did not contest the damages and did not proceed with any further defense. Bowen further averred that in consideration for defendant not contesting the damages award, plaintiffs agreed to permit defendant to vacate the award if plaintiffs were unsuccessful in collecting from defendant's insurance company. Bowen also

stated that Brandt never indicated that he intended to reserve the right to oppose any motion to vacate filed by defendant.

By decision dated December 12, 1997, the trial court found that defendant's motion—although characterized as one under Civ.R. 60(B)(5)—actually alleged grounds for relief under Civ.R. 60(B)(1), (2), and (3). More specifically, the trial court found that defendant's attorney's negligence and/or misconduct in failing to file an answer to plaintiffs' complaint and failing to present evidence or object to plaintiffs' evidence at the damages hearing must be imputed to defendant. The trial court further found that Bowen's knowledge of the 1991 letter must also be imputed to defendant. Accordingly, the trial court found that because defendant had not moved to vacate the judgment within a year of its entry, the motion was untimely.

In his brief before this court, defendant argues that any error or neglect by his attorney in causing a default judgment on the issue of liability does not foreclose setting aside the default judgment on the issue of damages. Specifically, defendant argues that he is entitled to the extraordinary relief contemplated by Civ.R. 60(B)(5) on grounds independent of whether defendant's attorney was negligent or engaged in misconduct, namely, that plaintiffs breached the agreement between the parties under which plaintiffs agreed not to seek enforcement of the judgment against defendant if plaintiffs were unsuccessful in obtaining recovery from defendant's insurance company. For the following reasons, we disagree.

Upon review of the April 4, 1991 letter, we find nothing to support defendant's contention that the parties agreed that plaintiffs would not seek to enforce the judgment against defendant. Indeed, the letter itself directly contradicts this argument. If such an agreement had existed, the final paragraph of the letter, which points out that defendant could move to vacate the judgment, would not have been necessary. Further, Bowen did not assert in his affidavit that the parties had entered into an agreement or contract regarding collection of the judgment from defendant. Instead, Bowen stated that Brandt indicated to him that plaintiffs did not intend to proceed further against defendant, but instead intended to seek payment from defendant's insurer. Brandt's statement that plaintiffs did not intend to proceed is clearly not the same thing as an enforceable agreement never to seek enforcement of the judgment from defendant.

Moreover, the letter does not state that plaintiffs agreed to set aside the damages portion of the judgment if they were unsuccessful in their effort to collect the judgment from defendant's insurance company; rather, it states only that defendant's attorney could ask the court to vacate the damages award and enter a new determination on damages. Furthermore, the letter does not state, as defendant argues, that plaintiffs would not oppose such a motion.

 Even assuming, *arguendo,* that the parties had entered into an agreement regarding enforcement of the judgment against defendant, a breach of such an agreement would not warrant relief from the damages judgment under Civ.R. 60(B)(5). Any such agreement not to enforce or seek to collect the damages judgment can, at best, be described as a form of settlement agreement between the parties.. This court has held that Civ.R. 60(B)(5) relief is not warranted when a party has breached an extrajudicial settlement agreement. *Boster v. C & M Serv., Inc.* (1994), 93 Ohio App.3d 523, 525, 639 N.E.2d 136, 137–138, citing *Bond v. BancOhio Natl. Bank* (Aug. 27, 1992), Franklin App. No. 92AP–536, unreported, 1992 WL 214351 ("It is highly questionable that Civ.R. 60[B] can be used to obtain relief from a judgment based upon a settlement agreement entered into by the paries to the action.").

In the instant case, defendant did not demonstrate by operative facts that he was entitled to relief pursuant to Civ.R. 60(B)(5). Accordingly, we find that the trial court did not abuse its discretion in finding that defendant was not entitled to relief under Civ.R. 60(B)(5). The first assignment of error is overruled.

By his second assignment of error, defendant contends that the trial court abused its discretion in denying his motion for relief without holding an evidentiary hearing.

 A party who files a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to such relief or to a hearing on the motion. *Schaad v. Salyers* (Aug. 11, 1992), Franklin App. No. 91AP–1506, 1992 WL 203230.. Instead, the movant bears the burden of demonstrating that he is entitled to a hearing on the motion. *Id.* To warrant a hearing on his Civ.R. 60(B) motion, the movant must allege operative facts that would warrant relief under Civ.R. 60(B). *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 19, 665 N.E.2d 1102, 1104. Thus, the movant must allege operative facts that, if true, would be sufficient to establish each of the elements of the *GTE* test, *i.e.*, that the movant has a meritorious defense and is entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5), and that the motion was made within a reasonable time. If the movant fails to allege operative facts with respect to each of these elements, the court is not required to hold an evidentiary hearing. *State ex rel. Richard v. Seidner* (1997), 78 Ohio St.3d 116, 117, 676 N.E.2d 889, 890.

The trial court did not abuse its discretion in ruling on defendant's motion without holding an evidentiary hearing. As previously noted, defendant's motion did not set forth grounds for relief under Civ.R. 60(B)(5). Since defendant failed to establish one of the elements of the test set forth in *GTE, supra,* an evidentiary hearing was not required. *Richard, supra.* The second assignment of error is overruled.

By his third assignment of error, defendant argues that he is entitled to relief from the damages judgment on the basis that it is void, the trial court having exceeded its jurisdiction in awarding damages in excess of $2,000 in contravention of R.C. 3109.10. Defendant argues that the $2,000 limitation on a parent's vicarious liability for assaults by his or her children found in R.C. 3109.10 applies in this case.[1] We disagree.

Preliminarily, we note that defendant did not raise this issue when the court entered the default judgment assessing liability against him in September 1990, or when he learned that the court had entered a damages judgment of more than $250,000 against him in June 1991. Thus, the issue has been waived.

Moreover, R.C. 3109.10 limits a parent's vicarious liability for the torts of his or her children. It does not, however, protect a parent from liability for his or her own conduct. Plaintiffs' complaint specifically alleges both negligent and intentional acts committed by defendant, e.g., holding Peter out to plaintiffs and the public as a responsible and trustworthy babysitter, failing to supervise Peter, and engaging in conduct designed to frighten and annoy plaintiffs and their children. These allegations raise more than mere vicarious liability for Peter's conduct.

Furthermore, the trial court specifically found, in its June 7, 1991 decision, that defendant was directly liable to plaintiffs based on his own negligent conduct. In pertinent part, the court found that defendant had acted "negligently and wantonly * * * toward plaintiffs," and that defendant's acts were the "direct and proximate cause of injury and damage to plaintiffs." As the trial court found, defendant's liability for plaintiffs' injuries resulted from his own conduct, not that of Peter. Therefore, defendant's claim that the trial court exceeded its authority under R.C. 3109.10 in entering judgment against him in excess of $2,000 is without merit. Accordingly, the third assignment of error is overruled.

Having overruled each of defendant's assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DESHLER, P.J., and BOWMAN, J., concur.

---

1. This statutory maximum has been amended since plaintiffs' cause of action accrued. The current version of the statute provides for a $10,000 maximum.