OPINION
{¶ 1} Plaintiff-appellant, Jeffrey Cunningham, Administrator of the Estate of Amanda Cunningham ("appellant"), appeals from the judgment of the Court of Claims of Ohio in favor of defendant-appellee, the Ohio Department of Transportation ("ODOT"). Appellant also appeals the denial of his motion for a new trial and for relief from judgment.
 {¶ 2} This action arises out of a fatal car accident that occurred on May 3, 2003, at approximately 4 p.m., at the intersection of Ohio State Route 172 ("SR 172"), and Alabama Avenue, in Stark County, Ohio. On this date, 18-year-old Sarah Allender was *Page 2 
driving southbound on Alabama Avenue. Ms. Allender did not stop at the posted stop sign and, as she entered the intersection, she struck a vehicle operated by Ms. Cunningham, who was driving eastbound on SR 172. Ms. Cunningham died as a result of the injuries sustained in the collision. Ms. Allender was subsequently convicted of vehicular homicide for the death of Ms. Cunningham.
 {¶ 3} It is undisputed that at the time of the collision, a "stop ahead" sign for southbound traffic approaching the intersection on Alabama Avenue was located 722 feet in advance of the intersection, and a stop sign was located at the intersection on the west side of Alabama Avenue. According to the testimony, the stop sign was completely or partially obstructed by overgrown foliage.
 {¶ 4} Appellant filed this action on April 5, 2005, alleging wrongful death and seeking compensatory damages. Appellant alleged ODOT negligently maintained a nuisance and/or unreasonable risk of harm to the traveling public at the subject intersection. Bifurcating the issues of liability and damages, the trial court held a bench trial on May 23, 2006. After ordering the parties to submit proposed findings of fact and conclusions of law, on December 3, 2007, the trial court found appellant failed to prove any of his claims by a preponderance of the evidence and entered judgment in favor of ODOT. On December 26, 2007, appellant filed a motion to set aside the judgment and/or for a new trial. On March 18, 2008, the trial court denied appellant's motion. It is from this judgment appellant timely appeals and brings the following six assignments of error for our review:
 I. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT, JEFFREY CUNNINGHAM, IN *Page 3 
QUASHING THE TRIAL SUBPOENA OF ODOT EMPLOYEE KATHY FERGUSON.
 II. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT, JEFFREY CUNNINGHAM, IN DENYING THE ADMISSION INTO EVIDENCE OF PLAINTIFF'S TRIAL EXHIBITS 4, 4A, AND 13B.
 III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ORDERING JUDGMENT ON THE ISSUE OF LIABILITY IN FAVOR OF APPELLEE, OHIO DEPARTMENT OF TRANSPORTATION.
 IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING THE CIV.R. 60(B) MOTION OF APPELLANT, JEFFREY CUNNINGHAM.
 V. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING THE CIV.R. 60(B) MOTION OF APPELLANT, JEFFREY CUNNINGHAM, WITHOUT A HEARING.
 VI. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING THE CIV.R. 59(A) MOTION FOR A NEW TRIAL OF APPELLANT, JEFFREY CUNNINGHAM.
 {¶ 5} For ease of discussion, we will address appellant's first two assignments of error in reverse order.
 {¶ 6} In his second assignment of error, appellant contends the trial court erred in not admitting three of his trial exhibits. Specifically, appellant sought the introduction of exhibits 4, 4A, and 13B, all being portions of ODOT's District Safety Review Team ("DSRT") report of August 5, 2002 ("the DSRT report").
 {¶ 7} Prior to trial, ODOT filed a motion in limine to prohibit appellant from using the DSRT report at trial. According to ODOT, the DSRT report is a privileged document that pursuant to Section 152, Title 23, U.S. Code and Section 409, Title 23, U.S. Code is not admissible at trial. On the first day of trial, prior to opening statements, the trial court *Page 4 
granted ODOT's motion in limine. Although the record is not entirely clear, it would appear that appellant did again seek admission of these exhibits during trial, and admission was subsequently denied. Therefore, we will assume this assigned error is properly before this court.State v. Grubb (1986), 28 Ohio St.3d 199 (holding that at trial it is incumbent upon a defendant, who has been temporarily restricted from introducing evidence by virtue of a motion in limine, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal).
 {¶ 8} The admission or exclusion of evidence is generally within the sound discretion of the trial court. Columbus v. Taylor (1988),39 Ohio St.3d 162. Absent an abuse of discretion, a trial court's ruling on admission of evidence will not be overturned. Id. at 164. An abuse of discretion is more than an error of law; it implies the court's ruling is unreasonable, arbitrary or unconscionable. Id. at 166.
 {¶ 9} The DSRT report appellant sought to use at trial identified the subject intersection as hazardous and recommended measures to enhance the safety of the intersection. Both parties concede that Section 152, Title 23, U.S. Code and Section 409, Title 23, U.S. Code are relevant to this document and to its admissibility. Section 152, Title 23, U.S. Code states:
 (a) In general.
 * * * Each State shall conduct and systematically maintain an engineering survey of all public roads to identify hazardous locations, sections, and elements, including roadside obstacles and unmarked or poorly marked roads, which may constitute a danger to motorists, bicyclists, and pedestrians, assign priorities for the correction of such locations, sections, *Page 5 
and elements, and establish and implement a schedule of projects for their improvement.
 {¶ 10} Section 409, Title 23, U.S. Code states:
 Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled or collected for the purpose of identifying evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 148 of this title [Sections 130, 144 and 148, Title 23, U.S. Code] or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data.
(Emphasis added.)
 {¶ 11} Despite the above-cited provisions, appellant argues ODOT waived any evidentiary privileges with respect to the DSRT report because it "knowingly and voluntarily" produced the report during discovery. We do not find appellant's position well-taken. Not only is the statutory provision itself dispositive of appellant's argument, appellant fails to provide this court with any legal support for his assertion. Section 409, Title 23, U.S. Code precludes the DSRT report's use and admission into evidence at trial. There is no language in the statute providing that if a privileged document is produced during discovery, then it will be subsequently admissible at trial, nor does case law provide such an exception. There is an argument by ODOT that the materials were not even produced during discovery, but were produced pursuant to a public records request. However, regardless of whether ODOT produced the DSRT report in discovery, or as a public record upon request, ODOT timely sought to preclude its admission at trial by filing *Page 6 
a motion in limine and objecting to appellant's request to admit it at trial. Therefore, we do not find ODOT "waived" the evidentiary privilege contained in Section 409, Title 23, U.S. Code. As such, we are unable to find the trial court abused its discretion in not allowing the admission of appellant's exhibits 4, 4A, and 13B.
 {¶ 12} Accordingly, we overrule appellant's second assignment of error.
 {¶ 13} In his first assignment of error, appellant contends the trial court erred in quashing the subpoena of ODOT employee Kathy Ferguson. We review a trial court's order overruling or granting a discovery motion to quash under an abuse-of-discretion standard. State v. West, Franklin App. No. 06AP-111, 2006-Ohio-6259.
 {¶ 14} On May 11, 2006, appellant issued a subpoena to Ms. Ferguson, ODOT's deputy chief legal counsel. On May 22, 2006, ODOT filed a motion to quash for the following reasons: (1) Ms. Ferguson was not listed as a witness on appellant's pretrial statement; (2) the subpoena was served by ordinary mail; and (3) appellant sought Ms. Ferguson's testimony regarding matters in ODOT's motion in limine and to which Ms. Ferguson had no specific knowledge. On the first day of trial, as the trial court granted ODOT's motion in limine, the trial court also granted ODOT's motion to quash. Thereafter, when the subject of Ms. Ferguson's testimony was raised again during trial, the trial court said the motion to quash was granted as it pertained to the admission of the DSRT report, but that to the extent Ms. Ferguson's testimony was needed to authenticate other records, appellant was permitted to call her as a witness.
 {¶ 15} Initially, we note we could overrule this assignment of error solely on the basis that though the trial court initially granted ODOT's motion to quash, the trial court subsequently gave appellant the opportunity to call Ms. Ferguson as a witness. Despite *Page 7 
being given the opportunity to call Ms. Ferguson, appellant contends that by the time the trial court allowed him to call her, the subpoena time had lapsed, and he had no reasonable opportunity to procure her testimony. Upon review, we find no reversible error.
 {¶ 16} ODOT stipulated to the authenticity of the records, and appellant conceded at trial that Ms. Ferguson would not be testifying to the substance of any of the records certified from ODOT. Thus, Ms. Ferguson's testimony was not needed for authenticity purposes. Regardless, appellant claims he needed Ms. Ferguson's testimony to establish that ODOT erected and failed to maintain a second intersection stop sign on the opposite side of southbound Alabama Avenue, and to compel the production of documents ODOT failed to produce.
 {¶ 17} On the first day of trial, the motion to quash the subpoena of Ms. Ferguson was discussed. According to appellant, Ms. Ferguson was not listed on the pretrial statement and was issued a subpoena just prior to trial because she was subpoenaed in response to ODOT's motion in limine to preclude the admissibility of the DSRT report. In essence, appellant's position was that, had ODOT not sought to preclude the DSRT report, then appellant would not have subpoenaed Ms. Ferguson. In granting the motion to quash, the trial court noted Ms. Ferguson's affidavit indicating that she had no knowledge of documents about which she was being subpoenaed to testify. Based on the record, we cannot find the trial court abused its discretion in granting the motion to quash at the time it did so. Moreover, as previously stated, to the extent appellant later gave the trial court other reasons for requiring Ms. Ferguson's testimony, the trial court gave appellant the opportunity to call her as a witness. *Page 8 
 {¶ 18} Finding no abuse of discretion in the trial court's decision to quash the subpoena, we overrule appellant's first assignment of error.
 {¶ 19} In his third assignment of error, appellant contends the trial court erred in rendering judgment on the issue of liability in favor of ODOT. We construe this assigned error as a contention that the trial court's findings and judgment were against the manifest weight of the evidence.
 {¶ 20} Civil "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus. "[A]n appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 80; see, also, Myers v. Garson
(1993), 66 Ohio St.3d 610, 616 (reaffirming the reasoning of SeasonsCoal, and "hold[ing] that an appellate court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court").
 {¶ 21} When considering whether a civil judgment is against the manifest weight of the evidence, an appellate court is guided by a presumption that the findings of the trier of fact were correct.Seasons Coal Co., at 79-80. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice *Page 9 
inflections, and use these observations in weighing the credibility of the proffered testimony." Id. at 80.
 {¶ 22} "`To maintain an action for damages for wrongful death upon the theory of negligence, a plaintiff must show (1) the existence of a duty owing to plaintiff's decedent, i.e., the duty to exercise ordinary care, (2) a breach of that duty, and (3) proximate causation between the breach of duty and the death.'" Galay v. Ohio Dept. of Transp., Franklin App. No. 05AP-383, 2006-Ohio-4113, at ¶ 7, quoting Bennison v. StillpassTransit Co. (1966), 5 Ohio St.2d 122, paragraph one of the syllabus.
 {¶ 23} "`Pursuant to R.C. 5501.11, ODOT has the responsibility to construct and maintain highways in a safe and reasonable manner. However, the state is not an insurer of the safety of its highways. Its duty is to maintain its highways in a reasonably safe condition.'"Galay at ¶ 52, quoting Rhodus v. Ohio Dept. of Transp. (1990),67 Ohio App.3d 723, 729-730, citing Knickel v. Dept. of Transp. (1976),49 Ohio App.2d 335.
 {¶ 24} R.C. 4511.09 requires that ODOT adopt a manual and specifications for a uniform system of traffic control devices. To comply with that mandate, ODOT adopted the Ohio Manual of Uniform Traffic Control Devices ("OMUTCD" or "the manual"), which sets forth standards for the installation and maintenance of traffic control devices. Winwood v. Dayton (1988), 37 Ohio St.3d 282, 284. Pursuant toPierce v. Ohio Dept. of Transp. (1985), 23 Ohio App.3d 124, the state is liable in damages for accidents which are proximately caused by its failure to conform to the requirements of the manual. See, also,Lumbermens Mut. Cas. Co. v. Ohio Dept. of Transp. (1988),49 Ohio App.3d 129, 130. In Perkins v. Ohio Dept. of Transp. (1989),65 Ohio App.3d 487, this court *Page 10 
determined that not all portions of the manual are mandatory and, therefore, some areas are within the discretion and engineering judgment of ODOT.
 {¶ 25} The trial court heard testimony from Ohio State Highway Patrol Trooper Troy Thompson who was the lead investigator for the accident, traffic engineer Andrew Ramisch, Stark County Engineer's Office road supervisor Greg Babcock, and ODOT's traffic engineer Joseph DeFuria. In addition, the trial court heard testimony from Ms. Allender, one of her passengers, Brandy Collar, and Kenneth Riggs, a resident of Stark County who lives near the subject intersection, and Jeffrey Cunningham.
 {¶ 26} Appellant contends the trial court ignored the evidence that the stop sign was obstructed by foliage, ignored the testimony of Mr. Ramisch that the obstructed stop sign did not afford a reasonable, prudent motorist sufficient time to react, and erred in finding Ms. Allender's inattentive driving was the proximate cause of the accident.
 {¶ 27} The trial court, however, did not ignore the evidence pertaining to the stop sign's obstruction, nor did it ignore Mr. Ramisch's testimony. To the contrary, the trial court's December 13, 2007 decision references both of these issues. The trial court noted the testimony of Trooper Thompson who testified his sketches showed a stop sign partially obstructed by foliage. The trial court also noted Mr. Ramisch's opinion that the obstructed stop sign, coupled with the absence of a second stop sign, created a nuisance. Additionally, the trial court referenced Mr. Ramisch's testimony that ODOT should have removed the foliage at issue even if it was outside ODOT's right of way because ODOT is responsible for ensuring its traffic control devices are visible. Thus, there is no merit to appellant's claim that the trial court ignored such evidence. Rather, what the trial court found was that despite such evidence, appellant failed to prove by a *Page 11 
preponderance of the evidence that ODOT had either actual or constructive knowledge of the overgrown foliage. As to this issue, we find no basis for reversal on manifest-weight grounds. With respect to the second stop sign, Mr. Ramisch conceded that the OMUTCD did not mandate a second stop sign on the opposite side of Alabama Avenue.
 {¶ 28} Appellant also takes issue with the trial court's finding that Ms. Allender's inattentive driving was the proximate cause of the accident. In making this finding, the trial court found "her testimony to the contrary was not credible" and that she gave no reason for not seeing the unobstructed "stop ahead" sign. (Dec. 13, 2007 Decision, at 7.) To bolster Ms. Allender's credibility, appellant directs us to the testimony of Mr. Ramisch, in which he stated that when a "stop ahead" sign is placed too far in advance of a stop sign, as he contends this one was, persons "routinely" forget about the "stop ahead" warning. However, it was conceded by Mr. Ramisch that the "stop ahead" sign at issue here was placed in compliance with the OMUTCD.
 {¶ 29} As previously indicated, when considering whether a judgment is against the manifest weight of the evidence, an appellate court is guided by the presumption that the findings of the trier of fact were correct. Seasons Coal Co., supra. The rationale for giving deference to the findings of the trial court rests with the knowledge that the trial judge is "best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id. at 80. We have reviewed the record and find no error in the trial court's resolution of credibility issues.
 {¶ 30} Upon review, we find there is competent, credible evidence to support the trial court's judgment and, therefore, such judgment cannot be reversed as being against *Page 12 
the manifest weight of the evidence. Accordingly, we overrule appellant's third assignment of error.
 {¶ 31} Because they are interrelated, we will address appellant's fourth and fifth assignments of error together. In these assignments of error, appellant contends the trial court erred in denying his motion for "judgment notwithstanding verdict and/or a new trial" made pursuant to Civ. R. 50(B), 59(A) and 60(B), and for doing so without a hearing.
 {¶ 32} Civ. R. 60(B) governs motions for relief from judgment and provides:
 * * * On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *
 {¶ 33} The Supreme Court of Ohio set forth the requirements for prevailing on a Civ. R. 60(B) motion in GTE Automatic Elec, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus:
 To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *Page 13 
 {¶ 34} The determination of whether to grant a Civ. R. 60(B) motion is within the sound discretion of the trial court, and an appellate court will not reverse that determination absent an abuse of discretion. SeeMoore v. Emmanuel Family Training Ctr (1985), 18 Ohio St.3d 64, 66. This court has explained that an abuse of discretion will not be found where the reviewing court simply could maintain a different opinion were it deciding the issue. McGee v. C S Lounge (1996), 108 Ohio App.3d 656,660. Rather, an abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 35} A party who files a motion for relief from judgment under Civ. R. 60(B) is not automatically entitled to such relief, nor to a hearing on the motion. Cuervo v. Snell (1998), 131 Ohio App.3d 560, 569. Instead, the movant bears the burden of demonstrating that he is entitled to a hearing on the motion. Id. To warrant a hearing on his Civ. R. 60(B) motion, the movant must allege "operative facts which would warrant relief under Civil Rule 60(B)." Kay v. Marc Glassman, Inc.
(1996), 76 Ohio St.3d 18, 19. Thus, the movant must allege operative facts that, if true, would be sufficient to establish each of the elements of the GTE test; i.e., that the movant has a meritorious defense and is entitled to relief under one of the grounds set forth in Civ. R. 60(B)(1) through (5) and that the motion was made within a reasonable time. If the movant fails to allege operative facts with respect to each of these elements, the court is not required to hold an evidentiary hearing. State ex rel. Richard v. Seidner (1997),78 Ohio St.3d 116, 117.
 {¶ 36} Appellant alleged two reasons for why he was entitled to relief from judgment pursuant to Civ. R. 60(B): (1) ODOT failed to produce documents relating to the *Page 14 
"second stop sign," despite appellant confirming their existence and ODOT's possession thereof; and (2) the trial court erred in finding Ms. Allender's inattentive driving was the proximate cause of the accident. Thus, appellant argued to the trial court that he was entitled to relief under Civ. R. 60(B) because of "mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, misrepresentation, misconduct of ODOT, and/or because justice so demands such relief." (Dec. 26, 2007 motion at 5.)
 {¶ 37} On appeal, appellant argues only that ODOT failed to produce documents in its possession concerning the "second stop sign." Without directing us to which ground specifically, appellant conclusory states he is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5). We do not find appellant's position well-taken. Appellant does nothing more than make conclusory allegations without any evidentiary support as to what alleged documents were not produced, and ODOT vehemently denies their existence. Likewise, appellant makes the conclusory assertion he is entitled to relief from judgment under all grounds of Civ. R. 60(B) without a specific explanation as to any ground. Further, to be entitled to a hearing on a motion for relief from judgment pursuant to Civ. R. 60(B), the movant must demonstrate why he is entitled to a hearing on the motion, and must allege operative facts which would warrant relief under Civ. R. 60(B). Kay, supra. Because we find appellant did not allege facts to establish a Civ. R. 60(B) ground for relief, the trial court did not abuse its discretion in failing to hold an evidentiary hearing.
 {¶ 38} Accordingly, we overrule appellant's fourth and fifth assignments of error.
 {¶ 39} In his sixth assignment of error, appellant contends the trial court erred in denying his motion for new trial pursuant to Civ. R. 59(A). Appellant argued to the trial *Page 15 
court that ODOT failed to produce relevant documents and that the trial court's judgment was against the manifest weight of the evidence. Civ. R. 59(A) provides:
 Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 (1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
 (2) Misconduct of the jury or prevailing party;
 (3) Accident or surprise which ordinary prudence could not have guarded against;
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
 (5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;
 (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
 (7) The judgment is contrary to law;
 (8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;
 (9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.
 In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown. *Page 16 
 {¶ 40} A trial court's denying a motion for new trial may be reversed on appeal only where the complaining party demonstrates the trial court abused its discretion. Dillon v. Bundy (1991), 72 Ohio App.3d 767, 773.
 {¶ 41} Again, appellant makes the conclusory assertion that he is entitled to relief pursuant to Civ. R. 59(A). Under this assigned error, appellant reiterates arguments made under previous assignments of error. Essentially, appellant argues the trial court erred in quashing the subpoena of Ms. Ferguson and that the trial court's judgment is against the manifest weight of the evidence.
 {¶ 42} We have already found no abuse of discretion in the trial court's granting of ODOT's motion to quash the subpoena of Ms. Ferguson. Therefore, appellant is not entitled to a new trial on this basis.
 {¶ 43} With respect to his manifest-weight claim, as recently stated by this court, "`[t]he trial court, when considering a motion for new trial on the manifest weight of the evidence, has a duty to review the evidence submitted at the trial and to pass upon the credibility of the witnesses and the evidence. * * * However, such rule deals with a trial court reviewing a jury verdict. When a trial court reviews its own judgment in the case of a bench trial, weight-of-the-evidence reversal is nearly unheard of.'" Boyer v. Ohio State Univ. Med. Ctr., Franklin App. No. 07AP-742, 2008-Ohio-2278, at ¶ 24, quoting Stackhouse v.Logangate Property Mgt, Mahoning App. No. 06MA124, 2007-Ohio-3171, at ¶ 35. Moreover, given our disposition of appellant's manifest-weight argument contained in his third assignment of error, we do not find appellant is entitled to a new trial on manifest-weight grounds. *Page 17 
 {¶ 44} Appellant also contends he is entitled to a new trial because the trial court's judgment is contrary to law. According to appellant, R.C. 4511.12(A) expressly relieved Ms. Allender from having to obey the stop sign that was "not sufficiently legible to be seen by an ordinary observant person." R.C. 4511.12(A). However, as stated by the Supreme Court of Ohio in White v. Ohio Dept. of Transp. (1990),56 Ohio St.3d 39, "R.C. 4511.12 does not provide an excuse from civil liability for failure to obey the command of a traffic sign which is not clearly visible. However, the degree to which the view of the sign is obstructed should be considered by the trier of fact in determining if the party who failed to obey the command of the sign is excused from liability because compliance was impossible." Id. at paragraph three of the syllabus. We do not find the trial court erroneously applied R.C. 4511.12 as R.C. 4511.12 is not applicable in the manner appellant suggests.
 {¶ 45} Accordingly, we find no abuse of discretion in the trial court's denial of appellant's motion for relief pursuant to Civ. R. 59(A) and overrule appellant's sixth assignment of error.
 {¶ 46} For the foregoing reasons, appellant's six assignments of error are overruled, and the judgment of the Court of Claims of Ohio is hereby affirmed.
Judgment affirmed.
FRENCH and T. BRYANT, JJ., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1