[Cite as *Gibbs v. Burley Trucking, L.L.C.*, 2021-Ohio-1595.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Basil Gibbs, | : | |
| Plaintiff-Appellee, | : | No. 20AP-357 |
| | | (C.P.C. No. 18CV-5632) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Burley Trucking, L.L.C. et al. | : | |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on May 6, 2021

**On brief:** *Law Office of Brian M. Garvine,* LLC, and *Brian M. Garvin*, for appellee. **Argued:** *Brian Garvin.*

**On brief**: *Favor Legal* Services, and *H. Macy Favor, Jr.*, for appellants. **Argued:** *H. Macy Favor, Jr.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendants-appellants, Burley Trucking, L.L.C. and JAC Burley Trucking, L.L.C. ("L.L.C.s"), appeal the decision of the Franklin County Court of Common Pleas denying their second motion for relief from judgment pursuant to Civ.R. 60(B) following the trial court's grant of a default judgment against them. Their co-defendants Kelvin Burley and Ernest Burley have not appealed this ruling and are not parties to this appeal. The L.L.C.s assert two assignments of error with the trial court's ruling denying relief from judgment:

> [I]. The trial court erred in its decision and entry filed on July 2, 2020, by its failure to consider affidavits filed and incorporated in defendant-appellants' second motion for relief from judgment pursuant to Civ. R. 60(B).

[II.] The trial court erred in its decision and entry filed on July 2, 2020, by its failure to properly apply the allegations, or lack thereof, contained in the complaint to the elements identified in the case *Saavedra v. Mikado Japanese Steak House & Sushi*.

{¶ 2} This court has previously reviewed the underlying default judgment, but only as it applied to defendant Kelvin Burley. *See Gibbs v. Burley*, 10th Dist. No. 19AP-141, 2020-Ohio-38 ("*Burley I*"). We reversed and remanded the default judgment against Burley, holding that the trial court had improperly granted a default judgment against him personally without first reviewing whether plaintiff's complaint failed to state a claim against him personally. *Id.* at ¶ 9-18. Burley had appealed the default judgment *pro se*, and the L.L.C.s, who had not participated in the litigation up to that point did not appeal at that time. In reaching our decision, we observed that "[neither] of those entities is a party to this appeal * * * and we previously have held that outside of small claims court, a non-lawyer may not litigate on behalf of a limited liability company * * *." *Id.* at ¶ 18, fn. 1. Following this court's remand in *Burley I*, the L.L.C.s entered an appearance in the case and filed the Civ.R. 60(B) motion which was denied by the court and is now the subject of this appeal.

{¶ 3} In *Burley I*, we summarized the facts giving rise to this case as follows:

This case involves an adult son allegedly punching a person in the face on the property of and in connection with businesses owned or operated by the aggressor's father [Kelvin Burley].* * * * * [The plaintiff] Basil Gibbs filed a lawsuit against Kelvin Burley's son Ernest Burley, and also named as defendants Kelvin Burley; Burley Trucking, LLC; JAC Burley Trucking, LLC; and John Does 1 and 2. The complaint alleged that (son) Ernest Burley had punched Mr. Gibbs in the face while acting as an employee of trucking companies incorporated by (father) Kelvin Burley and/or Jacqueline Simmons Burley. "At all times relevant herein," the complaint recited, "Defendants Ernest Burley and Kelvin Burley were active participants in the business operations of the defendants Burley Trucking and JAC Burley Trucking." More specifically, the complaint alleged, "[o]n or about March 25, 2017, Ernest Burley * * * was the son of Kelvin Burley, the owner of Burley Trucking, LLC and a management employee of Burley Trucking, LLC, and JAC Burley Trucking, LLC, directing low level employees and advising the owners in day to day operation of the companies." On that day, too, Mr. Gibbs "was a business invitee" of those companies.

The complaint further alleges that on March 25, 2017, "Mr. Gibbs and Ernest [Burley] walked onto the trucking company properties [from across the street] and were talking briefly before Ernest suddenly and without provocation or warning struck Mr. Gibbs in the face and jaw with his fist in the form of a blow commonly known as a 'sucker punch.'" "Immediately before the punch was thrown, Mr. Gibbs was looking at Kelvin Burley and talking to him, and the next thing Mr. Gibbs knew, Ernest delivered the sucker punch blow to his face and jaw." The attack "left Mr. Gibbs * * * fearful of any follow up or successive attack by Ernest * * *. However, after the attack Ernest ran away."

The complaint claims that "Kelvin Burley, Burley Trucking and JAC Burley Trucking[] and their ownership and management were negligent in the hiring and retention (continued employment) of Ernest Burley given his criminal record propensity for violence and history of perpetrating aggressive behavior toward others including co-workers and the public during work hours and on his free time." Beyond this Count One claim for "Negligence," the complaint adds overlapping claims for "Respondeat Superior" (Count Two), "Negligent Hiring, Training, and/or Supervision" (Count Three), and "Recklessness" (Count Four).

The trial court found that service of the complaint was completed on Kelvin Burley on July 9, 2018, but that he did not file an answer. The month after service, on August 23, 2018, Mr. Gibbs filed a motion for default judgment against all defendants except Ernest Burley, the one alleged to have thrown the punch. The trial court granted the default and referred the matter to a magistrate for a damages hearing, at which Kelvin Burley appeared and gave testimony (including the information that "Defendant Ernest Burley is incarcerated"); the magistrate awarded Mr. Gibbs $36,240 in damages against Kelvin Burley and the trucking companies together (including $11,240 in past and future medical expenses), and the trial court adopted the magistrate's decision.

(Citations omitted.) *Burley I* at ¶ 1-6.

{¶ 4}  In *Burley I*, Kelvin Burley appealed the trial court's grant of summary judgment and we reversed and remanded, holding that the complaint did not allege sufficient facts to hold Kelvin Burley personally responsible for the tort committed by his son. In their motion for relief from judgment, the L.L.C.s argued that the rationale requiring

relief to Kelvin Burley also applied to them. The L.L.C.s contended that the trial court failed to examine whether plaintiff's complaint could withstand a challenge under Civ.R. 12(B)(6) prior to granting the default judgment, and argued that the plaintiff's complaint not only failed to state a claim against Kelvin Burley, it failed to state claims against the L.L.C.s themselves.

{¶ 5} In reviewing the L.L.C.s' motion, the trial court took guidance from our decision in *Burley I* and determined they were not entitled to Civ.R. 60(B) relief. The trial court observed:

> [W]hile the Court of Appeals held that the Complaint did not allege the elements necessary to negligent hiring with regard to Kelvin Burley individually, they did not make any such holding regarding Defendants Burley Trucking LLC or JAC Burley Trucking, LLC. The Court further finds, as the Court of Appeals noted in regards to Kelvin Burley, that because Defendants Burley Trucking LLC and JAC Burley Trucking, LLC did not answer the Complaint, "they are deemed to have admitted under these Counts the details of the attack by Ernest as alleged, [including the allegation that Ernest was] 'a management employee of Burley Trucking, LLC and JAC Burley Trucking, LLC, directing low level employees and advising the owners in day to day operation of the company's [sic] * * *.' "
>
> * * * *
>
> The Court finds that when viewing the facts and inferences alleged in these paragraphs in favor of Plaintiff, Plaintiff has sufficiently alleged that Defendant Ernest Burley was incompetent, that Defendants Burley Trucking, LLC and JAC Burley Trucking, LLC knew of Defendant Ernest Burley's incompetence, and that Defendants Burley Trucking, LLC and JAC Burley Trucking, LLC's act of hiring and retaining Defendant Ernest Burley as an employee proximately caused Plaintiff's injuries.
>
> Therefore, based on the foregoing, the Court finds that when Plaintiff's Complaint is reviewed under the Civ.R. 12(B)(6) standard, Plaintiff has stated a valid negligent hiring and retention claim upon which relief may be granted against Defendants Burley Trucking, LLC and JAC Burley Trucking, LLC. As such, the Court further finds that the previous default judgment against Defendants Burley Trucking, LLC and JAC Burley Trucking, LLC is valid, and accordingly hereby DENIES

> Defendants' Second Motion for Relief from Judgment
> Pursuant to Civ.R. 60(B) Instanter.

(Citations omitted.) Decision and Entry at **5-7.

{¶ 6} For ease of review, the L.L.C.s' assignments of error will be addressed together. As noted, this case comes to us on review of the denial of a motion for Civ.R. 60(B) relief, and we have frequently summarized the standards governing our review in such cases. *See, e.g.*, *Cunningham v. ODOT*, 10th Dist. No. 08AP-330, 2008-Ohio-6911, ¶ 33-35. To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) it has a meritorious defense or claim to present if relief is granted; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. *See GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. A party who files a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to such relief, nor to a hearing on the motion. *Cuervo v. Snell*, 131 Ohio App.3d 560, 569 (10th Dist.1998). Instead, the movant bears the burden of demonstrating that it is entitled to a hearing on the motion. *Id.* To warrant a hearing, the movant must allege operative facts that, if true, would be sufficient to establish each of the elements of the *GTE* test, and if the movant fails to allege operative facts with respect to each of these elements, the court is not required to hold an evidentiary hearing. *State ex rel. Richard v. Seidner*, 78 Ohio St.3d 116, 117 (1997). A decision on a Civ.R. 60(B) motion is within the sound discretion of the trial court, and an appellate court will not reverse a trial court's determination absent an abuse of discretion. *See Moore v. Emmanuel Family Training Ctr.*, 18 Ohio St.3d 64, 66 (1985). An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Cunningham* at ¶ 34, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 7} There is simply no basis upon which we can conclude that the trial court abused its discretion here. First and foremost, we must observe that the L.L.C.s made no appearance in the case until May 18, 2019, some three months after the default judgment was issued, which was itself some nine months after they were served with process and

some seven months after the motion for default judgment was filed. On May 18, 2019, the L.L.C.s filed a joint motion for relief from judgment with defendant Kelvin Burley. At approximately the same time, Kelvin Burley filed the *pro se* appeal that gave rise to our decision in *Burley I*; when the pending Civ.R. 60(B) motion came to our attention, we stayed the *Burley I* appeal and remanded the case back to the trial court for a decision on the motion. Following an evidentiary hearing before a magistrate, on October 30, 2019 the trial court denied the joint motion for Civ.R. 60(B) relief, and we then reactivated Kelvin Burley's appeal and issued our decision in *Burley I* on January 9, 2020.

{¶ 8} But crucially, the L.L.C.s *did not appeal* from either the February 26, 2019 default judgment against them, and they *did not appeal* from the October 30, 2019 denial of their motion for Civ.R. 60(B) relief. Instead, after our decision reversing the judgment against their codefendant, the L.L.C.s filed a second Civ.R. 60(B) motion of their own—the motion denied by the court we now review. Even if the L.L.C.s had presented a colorable argument that the trial court erred in its initial default judgment decision against them, by failing to appeal either that decision or the initial decision denying them Civ.R. 60(B) relief they have forfeited their challenge, and the trial court would have been within its discretion to deny them relief for that reason alone.

{¶ 9} But even on the merits of their argument, the L.L.C.s have wholly failed to establish that their motion should have been granted or that the trial court erred. As noted above, the trial court held that even "when Plaintiff's Complaint is reviewed under the Civ.R. 12(B)(6) standard, Plaintiff has stated a valid negligent hiring and retention claim upon which relief may be granted against Defendants Burley Trucking, LLC and JAC Burley Trucking, LLC." (Decision and Entry at *8.) In *Saavedra v. Mikado Japanese Steak House & Sushi*, 10th Dist. No. 14AP-757, 2015-Ohio-778, this court held that "[i]n order to establish a claim for negligent hiring or retention, the following elements must be demonstrated: (1) the existence of an employment relationship, (2) the employee's incompetence, (3) the employer's actual or constructive knowledge of such incompetence, (4) the employer's act or omission causing plaintiff's injuries, and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries." *Id.* at ¶ 6, citing *Peterson v. Buckeye Steel Casings*, 133 Ohio App.3d 715, 729 (10th Dist.1999), citing *Evans v. Ohio State Univ.*, 112 Ohio App.3d 724, 739 (10th Dist.1996). In

its denial of the L.L.C.s second motion for Civ.R. 60(B) relief, the trial court carefully analyzed the plaintiff's complaint, specifically addressed each element of the cause of action for negligent hiring/retention, tied its analysis to specific allegations of fact, concluded that each element had been pled and supported by sufficient facts in the complaint, and held that by failing to respond to the complaint that the L.L.C.s had admitted those facts. And our own review of the plaintiff's complaint does not reveal that the plaintiff failed to allege the operative facts required to state such a claim under *Saavedra*. In short, the trial court's denial of the motion was correct under Civ.R. 60(B) and *Cunningham*, 2008-Ohio-6911, since the L.L.C.s could not establish that they were entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5)—which is precisely what the court held. And given that the trial court's decision was not erroneous at all, we cannot conclude that it was an abuse of that court's discretion, as is required by *Moore*, 18 Ohio St.3d at 66.

{¶ 10} For all these reasons, the L.L.C.s' two assigned errors are overruled, and the judgment of the trial court denying Civ.R. 60(B) relief is affirmed.

*Judgment affirmed.*

DORRIAN, P.J., and SADLER, J., concur.

———————————